UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | No. 3:09-cr-14 |
| V. | ) | (VARLAN/GUYTON) |
| | ) | |
| | ) | |
| ARRIEAN NEAL KENEBREW | ) | |
| LARRY W. SHIPE, JR. | ) | |

ORDER OF DETENTION PENDING TRIAL

An initial appearance and arraignment was held in this case on January 23, 2009. Tracy Stone, Assistant United States Attorney, was present representing the government, Jonathan Moffatt, Assistant Federal Defender, was present representing Defendant, Arriean Neal Kenebrew and Dennis Francis was present representing Larry W. Shipe, Jr.. Before the hearing began, counsels for the defendants stated that the defendants wished to waive their right to a detention hearing at this time, and reserve the right to have a hearing at a later date, if appropriate. Pursuant to the defendants signing a Waiver of Detention Hearing, the defendants are to be detained. 18 U.S.C. § 3142(f)(2)(B). The government stated they had no objections. The defendants were present and stated that they knew they would remain in jail pending trial. For good cause, and by agreement of the defendants, this detention hearing is waived and the defendants are detained.

The defendants are aware of their right to a prompt detention hearing and to require the government to meet its burden of proving that no conditions of release exist

which will reasonably assure their appearance in court and the safety of the community. The defendants knows that if their detention hearing is waived they will remain in custody while it is continued. The defendants acknowledged in open court that they understands their rights and the consequences of waiving their detention hearing.

For good cause shown, the defendant's request not to contest, and to waive the detention hearing is hereby **GRANTED.**

It is therefore **ORDERED** that:

(1) Defendants be detained.;

(2) Defendants be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendants be afforded reasonable opportunity for private consultation with counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendants are confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with any court proceeding.

ENTER:

    s/C. Clifford Shirley, Jr.
United States Magistrate Judge