UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-14 |
| | ) | (VARLAN/SHIRLEY) |
| SHABAAKA ORAN AWOLOWO, | ) | |
| ARRIEAN NEAL KENEBREW, and | ) | |
| LARRY W. SHIPE, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## PRETRIAL ORDER

This action came before the Court pursuant to a telephone conference on June 1, 2009 in which Tracy Stone as counsel for the government and A. Philip Lomonaco as counsel for defendant Shabaaka Oran Awolowo; Jonathan Moffatt as counsel for defendant Arriean Neal Kenebrew; and Dennis Francis as counsel for Larry W. Shipe, Jr., indicated that this Pretrial Order could be entered without the necessity of a formal hearing or pretrial conference.

**I.**

There are no pending motions in this case.

**II.**

Trial procedures to be followed in this case are as follows:

(a) **Jury Selection**.  The Court will conduct a preliminary voir dire examination of the jury, and then counsel will be permitted to conduct voir dire examination.  The Court reserves the right to interrupt counsel and conduct voir dire on its own if counsel ask improper questions or if the proceedings are unnecessarily prolongated.

(b) **Peremptory Challenges**.  Under  Fed. R. Crim. P. 24(b)(2), the defendant is entitled to ten peremptory challenges and the government is entitled to six.

(c) **Novel Legal Issues for the Court**.  No novel or unusual legal issues were identified as of this time.

(d) **Novel Evidentiary Issues for the Court**.  No novel or unusual evidentiary problems were identified as of this time.

(e) **Special Requests for Jury Instructions**.  If counsel have any special requests for instructions to the jury, the same shall be filed at least five (5) working days before trial.

(f) **Additional Motions**.  No more motions, other than motions in limine, will be allowed to be filed in this cause of action by either side without prior leave of Court to do so, since the motion cut-off date has passed.  All motions in limine must be filed at least five (5) working days before trial.  Responses to motions in limine are due at least two (2) working days before trial.

(g) **Admissions and Stipulations**.  Counsel should meet in advance of trial and care-fully review the trial exhibits with a view toward stipulating the admissibility of as many exhibits as possible. Any admissions and stipulations of fact to be used at trial shall be signed by Defendant's attorney and the Defendant and filed at least five (5) working days before trial.

(h) **Courtroom Decorum**.  Counsel are encouraged to familiarize themselves with Local Rule 83.3 and ensure that their clients are familiar with the contents of this rule.

(i) **Contact with Jurors**.  Unless permitted by the Court, no attorney, representative of an attorney, party or representative of a party, may interview, communicate with, or otherwise contact any juror or prospective juror before, during, or after the trial.  Permission of the Court must be sought by an application made orally in open court or upon written motion stating the grounds

2

and the purpose of the contact.  If permission is granted, the scope of the contact and any limitations

upon the contact will be prescribed by the Court prior to the contact.

**III.**

This case will be set for trial before the Honorable Thomas A. Varlan and a jury, to

commence at **9:00 a.m. on June 16, 2009**.

If counsel have any objections to this Pretrial Order, such objection should be taken

up pursuant to Local Rule 72.4(b), EDTN.

**IT IS SO ORDERED.**

**ENTER:**

____s/ C. Clifford Shirley, Jr.____
United States Magistrate Judge

3